UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED
2016 JUL -6  AM 11: 38
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

MARK J. JACOBBI
DIANA JACOBBI
   Plaintiff(s)

Case No. 3:15-cv-953-J-39JBT

v.

ANSBACHER LAW
BARRY B. ANSBACHER
JAMES R. USERY, CYNTHIA K. TRIMMER
JULINGTON CREEK PLANTATION
PROPERTY OWNERS ASSOCIATION INC.
MAY MANAGEMENT SERVICES INC.
ANNIE MARKS
   Defendant(s)
_____/

## PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS OR, IN THE ALTERNATIVE, FOR AN *IN CAMERA* INSPECTION OF DOCUMENTS

Plaintiffs move for an order compelling Defendants Julington Creek Plantation Property Owners Association Inc., (Julington) May Management Services Inc., ("MMS") Annie Marks, ("Marks") and Ansbacher Law, Barry B. Ansbacher esq, James R. Usery esq, and Cynthia K. Trimmer esq, to produce documents withheld on the grounds of privilege and ask the Court to have counsel representing "Ansbacher" to show cause why he has failed to response and provide to Plaintiffs, Production of Documents, required under the FRCP.

Defendants counsels have failed to produce "Any" documents what so ever. Plaintiffs request an *in camera* inspection of these particular documents and move the Court to have Defendants provide a privilege log for documents withheld on the any grounds of privilege. Plaintiffs request Defendants be Sanctioned and be ordered to produce the attached Production of Documents *in camera*, by close of business on July 22nd 2016, and provide a <u>signature</u> and <u>oath</u> on responses as required under the Federal Rules of Civil Procedure, FRCP.

This Court has ordered Mediation and Ordered Defendants counsel file a report before July 23rd 2016.

1

Reasons for In-Camera Review

In the instant matter, in-camera review is appropriate because there is a reasonable probability that the review will provide evidence that is relevant and material to Plaintiffs case.

I.   Background

Defendants Julington Creek Plantation Property Owners Association Inc., (Julington) May Management Services Inc., ("MMS") Annie Marks, ("Marks") and Defendants Ansbacher Law, Barry B. Ansbacher esq, James R.Usery esq, and Cynthia K. Trimmer esq, are currently represented by two separate councils in this cause of action and both separate counsels have filed two separate Motions to Dismiss under Rule 12 of FRCP, pending in this Honorable Court. Counsel representing (Julington) May Management Services Inc., ("MMS") Annie Marks, ("Marks") has filed a last minute untimely Motion to Stay Plaintiffs discovery in a attempt to block Plaintiffs efforts to prove its case. Plaintiffs have filed their objection to that stay. The Court has ordered Mediation in this case to aide in a possible settlement and to preserve the Courts resources. Plaintiffs are representing themselves as *pro se* and the Court has so ordered Defendants counsels to take the lead in scheduling that Mediation and file a report into the Court prior to July 23rd 2016. Plaintiff has been in communication with Defendants counsels to set Mediation by July 23rd 2016 as so ordered, and counsels have failed to take the lead and schedule Mediation causing further delay and injury to Plaintiffs case.

   On May 20th 2016, Plaintiffs submitted Interrogatories and a Request for Production to Defendants.

   On or about June 24th 2016, Plaintiffs received Defendants limited answers and denials of interrogatories and no production of documents.    The Plaintiffs are at a loss as to why Defendants councils continue delay.

II.   Argument

   In order to receive the protection of attorney-client privilege, a communication must, *inter alia*, be made for the purpose of securing primarily either (i) an opinion on law, (ii) legal services, or (iii) assistance in some legal proceeding. The privilege does not extend to the provision of business or other non-legal advice simply because a lawyer happens to be involved or says so. Communications with a lawyer that relate primarily to non-legal purposes, for example, business, technical or corporate public relations purposes are not privileged.
   The party asserting a privilege has the burden of establishing the privilege. The Federal Rules of Civil Procedure require that a party's claim of privilege shall be made expressly and "supported by a description of

2

the nature of documents . . . that is sufficient to enable the demanding party to contest the claim." Here, the Defendants has not even tried to establish the privilege and furthermore the Defendant has refused to provide a protective order. Why would a Defendant and or its counsel, claim privilege as to a witness or fail to bring forward any unburdened documents related in this case? The only logical reason is to delay discovery, again.

**Statement:** Plaintiffs have timely noticed both counsels in writing of intent to file this Motion and counsels have failed to respond in good faith.

## III.   Request for Relief

The Plaintiffs request that Defendants Julington Creek Plantation Property Owners Association Inc., (Julington) May Management Services Inc., ("MMS") Annie Marks, ("Marks") and Defendants Ansbacher Law, Barry B. Ansbacher esq, James R.Usery esq, and Cynthia K. Trimmer esq, be ordered to provide immediate copies of the information and documents requested by the Plaintiffs Request for Production.

The Plaintiffs request that Defendants Julington Creek Plantation Property Owners Association Inc., (Julington) May Management Services Inc., ("MMS") Annie Marks, ("Marks") and Defendants Ansbacher Law, Barry B. Ansbacher esq, James R.Usery esq, and Cynthia K. Trimmer esq, be ordered to immediately provide Plaintiff with the Protective Order for review.

The Plaintiffs request that Defendants Julington Creek Plantation Property Owners Association Inc., (Julington) May Management Services Inc., ("MMS") Annie Marks, ("Marks") and Defendants Ansbacher Law, Barry B. Ansbacher esq, James R.Usery esq, and Cynthia K. Trimmer esq, be ordered to immediately provide documents requested under discovery that have been withheld or show cause why documents have not been produced.

In Harmony with Local RULE 3.03 and RULE 3.04  Motion to Compel and  FRCP 36,  Plaintiffs have attached both separate Requests for Production of Documents sent certified mail to both counsels and Motion this Honorable Court to an *in camera* review with both counsels of record, to show cause why Defendants have failed to provide Plaintiffs discovery in violation of  Rule 36 and explain why, under Rule 33(3), their limited responses <u>lack oath</u>, sworn under pains and penalty of perjury, in further attempts to block Plaintiffs discovery.

Respectfully Submitted,

7/5/2016
/Date

_____
Mark J. Jacobbi, Pro se Plaintiff
Diana Jacobbi, Pro se Plaintiff
Representative to both parties
/ Husband & Wife

3

## CERTIFICATE OF MAILING AND CONTENTS MAILED

**Mailing Content:**

### PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS OR, IN THE ALTERNATIVE, FOR AN *IN CAMERA* INSPECTION OF DOCUMENTS

I do hereby state that I did cause to be mailed the following content via US Postal Service to:

Boyd Richards Parker & Colonnelli, P.L.
400 N. Ashley Drive, Suit 1150
Tampa, Florida  33602
Attn: Joseph G. Riopelle, esq.

&

Cole, Scott & Kissane, P.A.
4686 Sunbeam Road
Jacksonville, Florida 32257
Attn; Daniel R. Duello esq.

7/5/2016
Date

_____
Mark J. Jacobbi, *Pro se* Plaintiff
Diana Jacobbi, *Pro se* Plaintiff
Representative to both parties
/ Husband & Wife


Respond to;  Mark J. Jacobbi, *Pro se*  1076 Durbin Parke Drive  St. Johns Florida 32259    904-710-7502
    e-mail;  repairhouse@hotmail.com

4